# Child *v.* Teachers' Annuity and Aid Association of Philadelphia, Appellant.

*Beneficial association—Qualifications of membership—Teachers—School teaching.*

The constitution of a beneficial association declared that the purpose of the association was " to furnish pecuniary aid from time to time to such of its members as shall be incapacitated from teaching in the public schools of the city of Philadelphia by reason of sickness or advanced age," and that the membership should be confined to those "in the employ of the board of public education of the city of Philadelphia, or of any of the boards of directors of the several sections of said district." It was also provided that "all women who have completed a term of school service of thirty-five years, and been members of the association for two years . . . . shall, if they desire, be declared to be annuitants, and upon such action by the board of trustees shall receive an annuity . . . . The said terms of school service of those who join this association within the first two years from the date of organization may have been commenced in this city or elsewhere; but of those who shall join

after the said two years, the term of such service shall have been commenced in the public schools in Philadelphia." *Held,* that a woman who joined the association within two years from its organization, and had served twenty years out of thirty-five years of school service in private schools was entitled to an annuity, and if she has established this fact, she cannot be defeated of her right by the refusal of the board of trustees to grant her application, on the theory that the trustees were a tribunal for the final adjudication of the rights of the parties.

Argued Oct. 17, 1902.    Appeal, No. 121, Oct. T., 1902, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1901, No. 1309, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Lizzie N. Child v. Teachers' Annuity and Aid Association of Philadelphia. Before RICE, P. J., BEAVER, ORLADY and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover an annuity.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court making absolute a rule for judgment for want of a sufficient affidavit of defense.

*Chester N. Farr, Jr.,* with him *Martin H. Stutzbach,* for appellant.

*George R. Van Dusen,* for appellee.

OPINION BY W. D. PORTER, J., November 19, 1902:

The questions raised by the affidavit of defense, which was by the learned court below held to be insufficient, involved only the consideration of certain provisions of the constitution and by-laws of the defendant corporation. The plaintiff was entitled to recover the amount for which the judgment was entered, if she had, as a teacher, " completed a term of school service of thirty-five years," within the meaning of the constitution of the association ; unless the board of trustees were, under the provisions of that constitution and the by-laws, made the final tribunal for the adjudication of that right. The provisions of the constitution and by-laws material to the consideration of this case are as follows : " Article VIII. Annuitants. Section 1. All women who shall have completed a term of

school service of thirty-five (35) years and been members of this association for three (3) years, and all men who shall have completed a term of such service of forty (40) years and been members of this association for three (3) years, shall, if they desire, be declared to be annuitants, and upon such action by the board of trustees shall receive an annuity, as provided in Article IX of this constitution. . . . The said terms of school service of those who join this association within the first two (2) years from the date of organization, may have been commenced in this city or elsewhere; but of those who shall join after the said two (2) years, the term of such service shall have been commenced in the public schools of Philadelphia.  Section 2. Application. Any member desiring to be placed on the list of annuitants on account of having completed the required term of school service shall make application in writing to that effect to the board of trustees, who, if satisfied that all requirements have been fully complied with, shall declare such applicants to be annuitants."  "By-Laws. Section 4. All applications for annuities shall be referred to the committee on annuities.  Immediately after such reference the committee shall make diligent inquiry as to the eligibility of the applicant and it may require the said applicant to furnish the necessary proof of his or her eligibility.  It shall be the duty of the committee to report to the board as soon as possible all the facts in each case, with their recommendations."  The association was incorporated on December 20, 1890, and organized on February 20, 1891.  The plaintiff became a member of the organization on April 11, 1891, within two years from the date of organization. When, on April 13, 1901, she made her written application to be declared an annuitant, she had been a member of the association for over ten years, and had taught continuously in the public schools of Philadelphia for over eleven years.  She had, as a teacher, completed a term of school service of over thirty-five years; but such service had been commenced and continued for almost twenty years in private schools, the remainder having been devoted to service in the public schools.  The first contention of the appellant is that the time spent by the plaintiff in teaching in private schools must not be considered in computing her term of school service as defined by the constitution, the allegation being that she is only entitled to credit

for such teaching as was done in public schools.    The argument
is that the purpose of the association, as declared by article II
of the constitution, being "to furnish pecuniary aid, from time
to time to such of its members as shall be incapacitated from
teaching in the public schools of the city of Philadelphia, by rea-
son of sickness or advanced age," and the membership being con-
fined to those "in the employ of the board of public education of
the first school district of Pennsylvania, comprising the city of
Philadelphia, or of any of the boards of directors of the several
sections of said district," the inference arises that the words,
"school service," wherever used in the constitution of the or-
ganization, were intended to mean public school service.    This
argument, if carried to its logical conclusion, would lead to the
inference that no school service except that rendered in the
public schools of Philadelphia could be considered in determin-
ing whether a member was entitled to become an annuitant.
There might be force in this argument, if the constitution left
the matter to mere inference, but this it does not do.    Any
teacher in the public schools of Philadelphia was eligible to
membership under the provisions of article III ; and any mem-
ber who, at the time he or she became incapacitated, was a teacher
in said schools, came within the purpose of the association, as
declared by Article II, without regard to the term of service.
Article VIII created the right to be declared an annuitant and
fixed the conditions upon which that right should arise.    No
person could become an annuitant who had not been a member
of the association for three years ; the association having been
organized on February 20, 1891, some member might have be-
come invested with this right on February 20, 1894, but to do
so, must have completed a period of school service commencing
in 1859.    At the time when such a period of school service
must have had its beginning, many of the commonwealths com-
posing the United States were without public schools.    The
organizers of this association evidently recognized the import-
ance of securing a large number of members at the inception
of the undertaking, so as to have a body sufficiently numerous
to come wthin the operation of those rules, developed by gen-
eral experience, upon which annuity tables are based.    In order
to accomplish this result, they held out inducements to teachers
to join the organization within the first two years of its exist-

ence.  A definite period of school service must have been completed by all persons, without regard to the time of their becoming members, before they could be entitled to be declared annuitants.  But they did not leave to inference the manner in which that term of school service should be computed.  The rule, hereinbefore quoted fixing the mode for the computing of the term of school service, is a general rule, although it divides the members into two distinct classes.  It applied to all persons who joined the association, without regard to the time when they did so, but the rights which they took under the rule were to be determined as of the time when they became members.  This was an association of teachers, familiar with the use and value of words, and we must presume that they had a purpose in what they said.  For the purpose of fixing the qualifications of annuitants, they divided members into two classes ; first, those who became members during the first two years of the existence of the organization, and second, those who afterward entered the corporation.  The advantage given to those in the first class was entirely confined to the character of their previous service as teachers and the place where that service had been rendered, they were required to be able to show the same term of service, but not in the same class of schools.  When we consider the object to be attained by this provision, it is manifest that had the organizers of this association said that those within this class should be able to show a term of school service commencing in the public schools, they would have withdrawn from that large class of teachers whose school service had been commenced in the private schools of the city of Philadelphia, any inducements to early membership in the association, and thus defeated the purpose of the creation of the class.  The association could have no cause to discriminate in favor of citizens of other states, as against teachers who had commenced their terms of service in the private schools of Philadelphia.  When applied to teachers whose term of school service commenced outside of Philadelphia, this provision is without limitation as to the locality where that service was performed.  A member, who in 1894, desired to be declared an annuitant, and possessing the other qualifications, might have shown a term of school service, beginning in 1859, in one of our sister states, which did not at that time have a public school

system. There can be no doubt that this would have answered the requirements of the rule which this association had made its law. The language employed in this rule, school service which " may have been commenced in this city or elsewhere," is broad enough to embrace what we understand by the term " teaching school," in whatever part of the world the teaching may have been done, without regard to whether the employment was by the government or by private individuals. That those who framed this rule thoroughly understood what they were about, is shown by the fact that when they came to define the qualifications of the second class of annuitants, they limited the service to be computed, not merely to the schools of Philadelphia but to " the public schools of Philadelphia." We are of opinion that the term of " school service," which it is admitted this plaintiff had completed, met all the requirements of this rule.

The contention that the provisions of the constitution and by-laws make the board of trustees a tribunal for the final adjudication of the rights of these parties, is without foundation. The right to be an annuitant is not made dependent upon the discretion of the board of trustees. Members, who have completed the required periods of school service and membership in the association, " shall, if they desire, be declared to be annuitants." The manner in which the desire shall be evidenced by making " application in writing to that effect to the board of trustees," is prescribed by the constitution and must be complied with. When that is done, the routine of duty devolving upon the officers of the association, under the provisions of the constitution and by-laws, is simply the means which the association has adopted for discharging its obligation. The applicant may be required to furnish evidence to the committee on annuities. It is the duty of the committee to report the facts to the board of trustees ; if the board of trustees are satisfied, it becomes their duty to declare the applicant to be an annuitant. The executive officers of the association would not, as between them and the organization, be justified in making payments on an annuity until the board of trustees had acted. The constitution and by-laws of this association did not provide that a member should teach in a manner satisfactory to the board of trustees of the association, for a period of thirty-five years, nor

did they provide any tribunal for the adjudication of questions of law or fact in controversy between the association and its members. The refusal of the board of trustees to declare a member an annuitant, can no more have the effect to defeat the right to the annuity, than can the refusal of a city controller to certify a warrant avail to relieve the city from liability to pay a valid claim for which the warrant issues.

The judgment is affirmed.